UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KARLIE STEPHENSON**  :  **CASE NO. 2:23-CV-00356**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**MENDES M WILLIAMS ET AL**  :  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Doc. 25) filed by Defendants, Mendes M. Williams, Blachowske Truck Lines, Inc., and Arch Insurance Company (hereinafter referred to as "Defendants"). Defendants move to dismiss Plaintiff's claims with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL STATEMENT

At approximately 5:45 a.m., on April 14, 2022, Plaintiff, Karlie Stephenson, was traveling west at approximately 55 mph on the South Frontage Road on her way to work.[1] Also during that time, Defendant, Mendes M. Williams was driving an 18-wheeler at approximately 4 mph traveling ahead of Karlie, traveling west on the South Frontage Road. The parties dispute whether or not the 18-wheeler trailer's light were functioning properly or at all.

Karlie approached the rear of the 18-wheeler trailer but did not see it allegedly because it had no lights, and/or the oncoming traffic on I-10 to her right, and a brightly

---
[1] Plaintiff's exhibit 2, Karlie Stevenson depo., pp. 30:1-6; 44:25-45:22.

illuminated billiard to the left of the Frontage Road.[2] Defendants dispute that the trailer's rear lights were not functioning.[3] Karlie collided with the rear of the 18-wheeler allegedly causing her injury.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[2] *Id.* pp. 29:3-30:20.
[3] Defendant's exhibit B, Mendes Williams Depo. p. 20:5; Defendant's exhibit D.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Defendants move to dismiss Plaintiff's claims and argues that Plaintiff was solely at fault for the accident. As such, Defendants move to dismiss the lawsuit.

As previously noted, Plaintiff struck the rear of Defendant, Melendes Williams tractor trailer, while he was traveling in the early morning at approximately 4 mph. Plaintiff argues and provides her own deposition testimony that William's trailer lights were not functioning, whereas Defendants contend that they have summary judgment evidence that proves that they were functioning properly.  Defendants submit the deposition testimony of Williams, his inspection report, and a dashcam video that shows the tractor trailer with headlights illuminated.  Defendants then remark that the trailer tail-lights would be illuminated as well because the headlights were on. Also, Defendants submit the body-cam

video of trooper Justin Davis Williams[4] which shows that the trailer lights were functioning properly just after the accident happened as he was approaching to investigate the accident.

Williams testified that he was going that approximately 4 mph because he was about to make a left-hand turn. He also testified that he knew the gates that he was approaching to enter would not be open until 6:00 a.m.[5]

Here, Plaintiff argues that there are genuine issues of material fact for trial. First, Plaintiff testified that the trailer lights were not functioning, and therefore Defendant is at fault, whereas Defendant submits evidence that leads one to believe that the trailer taillights were functioning properly. Also, Plaintiff contends that Defendant contributed to the accident by traveling at such a low speed (3-4 mph), and because Louisiana is a comparative fault state, a jury should determine the comparative fault of the driver of the tractor trailer. See Louisiana Civil Code article 2323, which provides, in pertinent part, that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined."

The Court acknowledges that the Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in Louisiana Revised Statute 32:81 and is therefore presumed negligent. *Mart v. Hill*, 505 So.2d 1120, 1123 (1987). However, the Louisiana Supreme Court has

---

[4] Defendant's exhibit 8, attached to Defendant's exhibit B, Williams Depo.
[5] *Id.* p. 16:9.

also held that the presumption of negligence that a following motorist was negligent when a rear end collision occurs does not preclude the consideration of comparative fault: "notwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident." *Eastman v. State Farm Mut. Auto. Ins. Co.*, 384 So.3d 865, 874, (La. 5/1/24), *reh'g denied,* 387 So.3d 547 (La. 06/27/24).

The Highway Regulatory Act, by Act 310 of 1962 amended LSA-R.S. 32:64 by adding sub-section B as follows:

> Except when a special hazard exists that requires lower speed for compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highways of this states at such a slow speed as to impede the normal and reasonable movement of traffic.

In *Fairbanks v. Travelers Ins. Co*, the court find that "it is just as inherently dangerous for a vehicle to move at an unreasonably slow speed on the highways as it is to travel at an excessive speed. Either of these factors can be a contributing cause to an accident." 232 So.2d 323, 327 (La. Ct. App), *writ refused,* 234 So.3d 194 (1970).

The Court agrees with Plaintiff that the issue here as to comparative fault should be decided by the jury. The Court makes this determination without deciding whether or not the trailer tail-lights were functioning properly.

## **CONCLUSION**

For the reasons explained herein, the Court will deny the Motion for Summary Judgment (Doc. 25) filed by Defendants, Mendes M. Williams, Blachowske Truck Lines, Inc., and Arch Insurance Company.

**THUS DONE AND SIGNED** in Chambers on this 5th day of September, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**